# CARROLL,

## JULY TERM, A. D. 1856.

---

## FABYAN *v.* UNION MUTUAL FIRE INSURANCE COMPANY.

It being provided in the act of incorporation of the defendant company that an insurance made by said company upon any property shall become void by a double insurance subsisting thereon, without the consent of the directors endorsed on the policy, the defendants may avail themselves of that provision, to avoid the policy, in case of such double insurance, notwithstanding there are printed on the back of the policy under the caption, "Act of Incorporation of the Union M. F. Ins. Company," two sections. of said act, being the first and the last, and designated thereon respectively as "section 1," and "section 20," the intermediate eighteen sections of the act being omitted, and among those omitted the section containing said provision; and there being also a reference in the sections printed to certain other provisions, as contained in the act, which do not appear in the sections printed, but which are contained in those omitted.

The plaintiff, after he had effected an insurance with the defendants, having set up seven additional stoves in the building in which the property insured was kept and used, notified the defendants thereof, saying that he did not consider the risk much increased thereby, and requesting them to inform how much additional premium he must pay therefor. To this the defendants replied that his policy had erroneously been taken in the wrong class, and that they declined to continue his insurance any longer, and would surrender his premium note without charge. The plaintiff then wrote to the company, inquiring whether it would not be just to return the cash payment he had made for the insurance, as it was not good, and saying that if they would return that, he would be satisfied, and get insured in some other company.— *Held*, that this was notice to the plaintiff that the company declined to assume the increased risk, and elected to terminate the insurance under the provisions of an article of the by-laws of the company, that if the risk should be increased by any change of the circumstances disclosed in the application, or

by the alteration of any building, the policy thereon should be void, unless an additional premium and deposit should be settled with and paid to the company, and an assent thereto by the plaintiff, and that thereupon the policy became void.

ASSUMPSIT upon a policy of insurance, bearing date October 18, 1848, insuring to the plaintiff against loss or damage by fire the sum of $2,000, for six years from date, upon the furniture used and kept by the plaintiff in the hotel called the Mount Washington house, in Carroll, in Coös county, which, with the furniture, was consumed by fire on the 29th of April, 1853.

Numerous questions arose upon the trial in reference to the notice of the loss, the situation and amount of the property destroyed, and the representations contained in the application, which are unnecessary to be stated.

It appeared from the act of incorporation that the sixteenth section provides, that " if insurance on any house or building, or other property, shall be and subsist in said company and in any other company, or from any other person, at the same time, the insurance made in and by this company shall be deemed and become void, unless such double insurance subsist with the consent of the directors, signified by endorsement on the back of the policy."

On the 8th of February, 1850, the plaintiff wrote to the defendants, informing them that he had lately set up seven stoves in the hotel ; that he did not consider the risk thereby much increased ; but if the company thought it was, he requested them to write and let him know how much additional premium he must pay ; to which the company replied that his policy had been erroneously taken in the wrong class, and that the directors declined to continue his insurance any longer, and would surrender his premium note without charge. On receipt of this reply the plaintiff wrote to the company, under date of the 19th of February, 1850, saying, " I received your letter, stating that my insurance was taken in the wrong class, and that it would not be good. You say you must terminate my policy, and will surrender my deposit note without further charge. Would it

not be just to return $4.05, which I paid for the insurance, inasmuch as it is not good? I think it would. If you will send my deposit note and the $4.05, I will be satisfied, and get insured in some other company."

To this the secretary of the company replied that they would not assess him for any loss that had occurred during the continuance of his policy, and that they considered this as an equivalent for his cash. The plaintiff's counsel denied that this last letter was received by him, and there was no other evidence that it came to his hands, except the statement of the secretary that he wrote and forwarded such letter. No further communication took place between the parties till the furniture was destroyed by fire, and there was never any settlement or agreement for an additional premium or deposit note.

Immediately upon the written correspondence aforesaid being had, the secretary, by order of the directors, entered upon their records a discharge of the plaintiff's policy and premium note, and filed them away among other discharged papers, and no assessment was ever made upon said note, although an assessment was made against the members of the company in the fall of 1852, for losses which occurred subsequently to the 18th of October, 1848. On the 8th of May, 1849, the plaintiff obtained another insurance upon said property, for $1000, for three years from that day, in the Atlantic M. F. Ins. Company, which continued in force during said three years, and until it expired by the terms of the policy. No notice was given to the defendants of this insurance, and there is no consent thereto upon the policy in suit.

By the nineteenth article of the by-laws of the defendants, it is provided that " if the risk on any property insured shall be increased by any change of the circumstances disclosed in the application," &c., the policy thereon shall be void, unless an additional premium and deposit shall be settled with and paid to said company. By the terms of the policy in suit it is therein expressed that the defendants will pay and satisfy the sum insured, in case of loss, " according to the provisions of the act

of incorporation and by-laws of the company." Upon the back of the policy is printed as follows : " Act of Incorporation of the Union Mutual Fire Insurance Company," and then follow two sections of the act, being the first and last, designated respectively section 1 and section 20, the intermediate sections being omitted. By the first section, as printed, certain persons therein named, and " all other persons who may hereafter become members of said company, in the manner *herein prescribed*," are declared to be made a corporation, &c. ; and in neither of the sections printed on the back of the policy is there contained any provision as to the manner in which other persons than those named may become members of the company.

A verdict was taken, by consent, for the plaintiff, to be set aside and a verdict entered for the defendants, if, in the opinion of the court, the plaintiff is not entitled to maintain the action.

*S. C. Lyford*, for the plaintiff.

*James Bell*, for the defendants.

SAWYER, J. The contract of insurance upon which the plaintiff seeks to recover is in writing, as contained in the policy of insurance, and the defendants are to be held liable upon the contract only in accordance with the terms and stipulations therein expressed, as the conditions and limitations of their liability. By express reference in the policy to the provisions of the act of incorporation and by-laws of the company, those provisions are incorporated into the contract, and thus made essential parts of it. Among the provisions thus embraced are those contained in the 16th section of the act, and the 19th article of the by-laws ; and the contract is to be construed in the same manner as if those provisions were inserted, *in totidem verbis*, as conditions and limitations of the defendants' liability under it.

The agreement between the parties thus being reduced to writing, effect and operation are to be given to it as in other cases of written contracts, according to the obvious meaning of

its terms. No other interpretation can be given to those provisions, thus considered as conditions of the contract, than that the defendants are not to be liable upon the policy in the cases specified in the 16th section of the act and the 19th article of the by-laws, unless such proceedings are had as are therein specified. This is the agreement into which the parties have entered, and which they have reduced to writing. The defendants stipulated for such a qualified or contingent liability, and the plaintiff accepted the policy upon that understanding. It must be presumed, in the absence of any evidence of fraud, that the plaintiff was informed of all the provisions of the act and by-laws, qualifying or limiting the liability of the defendants.

A double insurance was obtained by the plaintiff in the Atlantic Company, of which no notice was given to the defendants, and to which their assent was not given, as required by the 16th section of the act. By the terms of the policy, this discharged the defendants from liability, — their promise contained in the policy to pay to the plaintiff, in case of loss, being upon the condition that in case of such double insurance their assent thereto should be endorsed on the policy. It is contended, however, by the plaintiff, that the defendants should be estopped from setting up this provision of the act as a condition or limitation of their liability under the contract, because of the proceeding of the company in causing what purports to be their act of incorporation to be printed upon the back of the policy, and which, in fact, does not contain the 16th section. This proceeding, it is said, was of a character to mislead and deceive the plaintiff; and it is contended that he, finding upon the back of the policy what the company have thus held out to him as their act of incorporation, containing no such provision, may be supposed to have accepted the policy upon the understanding that it was what they held it out to be, and that they are not at liberty to claim that such provision is contained in the act constituting a limitation upon their liability. An examination of the matter printed upon the back of the policy shows conclusively that it is not claimed to be the entire act, and that with the ordi-

nary degree of attention, it could not have been so understood by the plaintiff.

Two sections of the act only are printed — the first and the last — and designated respectively, as printed, section 1 and section 20 ; the former containing the names of the grantees, the incorporating clause, and a summary of the purposes and objects of the corporation, usually contained in the first section of such an act ; the latter merely specifying the time when the act is to take effect. In the first section it is declared that the grantees named, and such other persons as may hereafter become members of the company, *in the manner hereinafter prescribed*, are incorporated and made a body politic, no provision being contained in either section, as printed, prescribing the manner in which other persons may become members. The slightest attention would show that the whole act was not contained in these two sections ; that, in fact, the eighteen intermediate sections were omitted ; and the printing of these two upon the policy, with the other eighteen thus shown to be omitted, would furnish no evidence to the jury that the printed matter contained the whole act, or that the plaintiff, with ordinary care and attention, could have been misled by it.

Upon the other ground, also, the defendants were released from liability upon the policy.

The setting up of seven stoves in the hotel in which the property insured was kept and used, was such a change of circumstances as that the jury might have found that the risk was thereby increased. It was understood by the plaintiff himself to be increased thereby to some extent. This is implied in the statement contained in his letter of the 8th of February, that it is not " much increased." Under the provisions of the 19th article of the by-laws, such a change avoided the policy, unless an additional premium and deposit was agreed upon. Upon being notified of this change the company declined to continue the insurance, and refused to arrange an additional deposit and premium, and immediately notified the plaintiff of their determination.

By the terms of the contract they had the right thus to termi-nate it, and as by the provisions of the case a verdict is to be entered for the defendants, if the evidence would warrant it, the verdict must be set aside and a

*Verdict entered for the defendants,*
*and judgment rendered thereon.*